UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SOCIETY INSURANCE, *Plaintiff*, | ) ) ) | |
| *vs.* | ) ) | 1:12-cv-01164-JMS-DML |
| NICK'S ENGLISH HUT, INC. and JON PIKE, et al., *Defendants*. | ) ) ) ) | |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Plaintiff Society Insurance ("Society") filed a Complaint against Defendants Nick's English Hut, Inc. ("Nick's") and Jon Pike.[1] [Dkt. 1.] In the Complaint, Society alleged that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because: (1) Society is a Wisconsin corporation with its principal place of business in Wisconsin, [*id.* at 2, ¶ 4]; (2) Nick's is an Indiana corporation with its principal place of business in Indiana, [*id.* at 2, ¶ 5]; (3) Mr. Pike is a citizen of Indiana, [*id.* at 2, ¶ 7]; and (4) the amount in controversy exceeds $75,000, [*id.* at 2, ¶ 8].

In his Answer, [dkt. 16], Mr. Pike states that he lacks knowledge sufficient to admit or deny whether Society is a Wisconsin corporation with its principal place of business in Wisconsin and therefore denies that allegation, [*id.* at 1, ¶ 4]. Mr. Pike also states that he lacks knowledge sufficient to admit or deny whether the amount in controversy exceeds $75,000 and therefore denies that allegation. [*Id.* at 2, ¶ 8.] Nick's has not yet answered the Complaint.

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being

---

[1] Society actually sues Mr. Pike individually and all others similarly situated and part of any class certified in Cause No. 1:11-cv-1304-WTL-MJD, a putative class action which is the subject of Society's request for declaratory judgment here. No class has been certified in that case, and the citizenships of the members of a yet-to-be-certified class are not relevant for purposes of our jurisdictional analysis here.

hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Society's Complaint and Mr. Pike's Answer, and specifically Mr. Pike's denial of allegations relating to Society's citizenship and the lack of any information regarding whether the amount in controversy exceeds $75,000 *exclusive of interest and costs*, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, the parties are reminded that: (1) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); (2) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); and (3) the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added).

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **October 15, 2012** setting forth the parties' citizenship and a statement regarding the amount in controversy. If the parties cannot agree on any jurisdictional requirement, they are ordered to file competing jurisdictional statements by **October 15, 2012** setting forth their positions.

09/28/2012

                                                    Hon. Jane Magnus-Stinson, Judge
                                                    United States District Court
                                                    Southern District of Indiana

**Distribution via ECF only:**

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Geoffrey Mitchell Grodner
MALLOR GRODNER LLP
gmg@lawmg.net

Kevin G. Kerr
HOEPPNER, WAGNER & EVANS LLP--Merrillville
kkerr@hwelaw.com

Jared S. Sunday
MALLOR GRODNER LLP
jsunday@lawmg.net

Michael Eugene Tolbert
HOEPPNER, WAGNER & EVANS LLP--Merrillville
mtolbert@hwelaw.com