UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SOCIETY INSURANCE, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:12-cv-1164-JMS-DML |
| | ) | |
| NICK'S ENGLISH HUT, INC., *et al.*, | ) | |
| *Defendants.* | ) | |

## **ORDER**

Asserting that diversity jurisdiction exists, Plaintiff Society Insurance ("Society") filed a Complaint against Defendants Nick's English Hut, Inc. ("Nick's") and Jon Pike, seeking a declaration that Society does not owe Nick's insurance coverage for a putative class action also pending in this District at Cause No. 1:11-cv-1304-WTL-MJD. [Dkt. 1.] Specifically, Society asserts that its policy does not provide coverage for Nick's alleged violations of the Electronic Fund Transfer Act ("EFTA"). [Dkt. 1 at 3.] Based on various representations in Society's Complaint and Mr. Pike's Answer, the Court ordered the parties to file a joint jurisdictional statement so that the Court could confirm that diversity jurisdiction exists. [Dkt. 18.]

In the case of an individual action, the EFTA limits recovery to an amount not less than $100 and not greater than $1,000. 15 U.S.C. § 1693m(a)(2)(A). In the case of a class action, the EFTA provides no minimum recovery for each class member, but limits the total recovery to "the lesser of $500,000 or 1 percentum of the net worth of the defendant." 15 U.S.C. § 1693m(a)(2)(B). The EFTA provides that in the case of any successful action to enforce liability, the Court may award the costs of the action, together with reasonable attorney's fees. 15 U.S.C. § 1693m(a)(2)(C).

Despite the joint nature of the statement the parties filed in response to the Court's order, [dkt. 20], it appears that there is a disagreement regarding whether the requisite amount in controversy is met in this case. Society estimates that there are approximately 900 people in the underlying putative class action and that with statutory damages of $100/person, at least $90,000 is in controversy. [Dkt. 20 at 3.] Society also contends that the named plaintiff in the underlying action incurred approximately $20,000 of attorney's fees before Society filed its declaratory judgment action, although it notes that "[t]his figure has not been verified by Society or Nick's." [*Id.*]

Nick's "disputes [Society's] assessment" of the amount in controversy and maintains that given its net worth, "the statutory cap on damages is less than $10,000." [*Id.*] Nick's does not provide any evidence to support its argument that the 1% statutory cap would result in damages less than $10,000.

The party seeking to invoke federal jurisdiction must establish both complete diversity of citizenship and that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy "is whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins." *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001). In other words, "[i]f the defendant can extinguish the plaintiff's entire claim by tendering $75,000 or less at the outset, then the amount in controversy does not exceed $75,000." *Id.* at 274. Suits seeking a declaratory judgment, "the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation." *Am's MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004). The value of the object of the litigation is the "pecuniary result" that would flow from the Court granting the declaratory judgment. *Id.* In determining the amount in controversy in an equitable action, the Court may

look at the stakes either from the point of view of the plaintiff or the defendant. *Id.* at 787. Where the bulk of the amount in controversy depends on a request for punitive damages or attorney's fees, the Court approaches the jurisdictional assertion with skepticism. *See, e.g.*, *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000).

Based on the apparent disagreement between the parties regarding the amount in controversy, and the case law cited above, the Court cannot assure itself that it has diversity jurisdiction over this action. Because it is Society's burden, as the party seeking to invoke federal jurisdiction, to prove that there is at least $75,000, exclusive of interest and costs, in controversy, the Court **ORDERS** Society to file a supplemental jurisdictional statement by **October 26, 2012**, detailing what information it possessed on the date it invoked this Court's jurisdiction to support its contention that the requisite amount in controversy was present. Defendants will have until **November 2, 2012** to file a response, either jointly or separately. No reply is necessary.

10/17/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Geoffrey Mitchell Grodner
MALLOR GRODNER LLP
gmg@lawmg.net

Kevin G. Kerr
HOEPPNER, WAGNER & EVANS LLP--Merrillville

kkerr@hwelaw.com

Jared S. Sunday
MALLOR GRODNER LLP
jsunday@lawmg.net

Michael Eugene Tolbert
HOEPPNER, WAGNER & EVANS LLP--Merrillville
mtolbert@hwelaw.com